UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1   Jimmie Konja,
D-2   Adrian Konja,

    Defendants.
_____/

Case: 2:24−cr−20396
Assigned To : Grey, Jonathan J.C.
Referral Judge: Patti, Anthony P.

Violations:
Count 1: Wire Fraud
       18 U.S.C. § 1343
Count 2: Failure to File Currency Transaction Report
       31 U.S.C. § 5313, 5322

## INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Jimmie Konja and Adrian Konja (Konjas) operated Boulevard Check Cashers (BCC), a Money Services Business (MSB) located in Detroit, Michigan.

2. A MSB included entities or individuals that acted as check cashers, redeemers of stored value cards, and money transmitters.

3. BCC was redeeming an unusual number of stored value cards, far exceeding

1

what was expected of a legitimate MSB.

4. BCC bank accounts were routinely terminated by financial institutions because of the unusual volume of activity relating to prepaid debit and stored value cards.

5. The Konjas knew that stored value and prepaid cards processed through BCC were fraudulently purchased using stolen credit cards and by other illegal means.

## COUNT ONE
(18 U.S.C. § 1343 - Wire Fraud)

D-1   Jimmie Konja
D-2   Adrian Konja

The general allegations are included in this count.

6. From in or about June 2018, through in or about August 2019, in the Eastern District of Michigan, Southern Division, the Konjas, having devised a scheme and artifice to defraud and for obtaining money by means of false and fraudulent material pretenses, representations, and promises, did the following.

### The Scheme

7. Beginning in at least June 2018, the Konjas agreed to use BCC to facilitate the exchange of thousands of prepaid debit and gift cards for cash.

8. The Konjas knew the prepaid debit and gift cards were illegally obtained, and agreed between themselves and others to process the cards through BCC credit card machines.

9. Individuals in the community brought stacks of illegally obtained prepaid and gifts cards to the Konjas knowing the Konjas would not question how the cards had been obtained. In exchange for negotiating the cards, the Konja charged approximately 10% of the stored value of the cards and paid the individuals the balance in cash.

10. To process these fraudulent transactions, the Konjas opened bank accounts through which the cards were negotiated, and cash was withdrawn. As the scheme to defraud continued, the volume of prepaid and debit cards processed through their bank accounts increased dramatically. This unusual activity caused the Konja's banks to conduct risk assessments which lead to the closure of BCC accounts. To continue the scheme to defraud and to hide their illegal activity, the Konjas were routinely forced to open new accounts at banks and third-party processors.

<u>Example of a Fraudulent Transaction conducted by the Konjas</u>

11. On July 30, 2019, an individual (seller) brought $19,500 in prepaid debit cards to BCC. The Konjas were present and participated in the transaction. The seller told the Konjas the cards had been obtained illegally. The Konjas responded that they could negotiate as many cards as the seller could bring them. The seller

left the cards for the Konjas to dispose of, and the Konjas paid the seller $17,550 in cash.

12.   On July 31, 2019, the seller returned and the Konjas exchanged $18,000 in prepaid debit cards for $16,200 in cash. The Konjas kept the balance as their fee.

13.   For the purpose of executing the scheme, July 31, 2019, the Konjas transmitted and caused the transmission by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures or sounds, in the form of a wire transfer of funds in the amount of $29,572.95 from FFS Data Corporation in Abilene, Texas to Main Street Bank in the Eastern District of Michigan.

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TWO and THREE
(31 U.S.C. §§ 5313 and 5322 - Failure to File CTRs)

14.   At all times relevant to this Information, defendants Jimmie Konja and Adrian Konja operated Boulevard Check Cashers, a financial institution as defined in 31 Code of Federal Regulations, Section 1010.100(t), specifically an agency within the United States doing business as a money services business.  On or about the dates set forth below, in the Eastern District of Michigan, the defendants knowingly and willfully failed to file a Currency Transaction Report, FinCEN Form 104, as required by Section 5313(a) of Title 31 United States Code,

and the regulations promulgated thereunder, and did so while violating another law of the United States:

| Counts | Defendants | Date | Description of Transaction |
|---|---|---|---|
| 2 | D-1 Jimmie Konja<br>D-2 Adrian Konja | July 30, 2019 | Exchange of $19,500 in prepaid debit cards for $17,550 in cash |
| 3 | D-1 Jimmie Konja<br>D-2 Adrian Konja | July 31, 2019 | Exchange of $18,000 in prepaid debit cards for $16,200 in cash |

All in violation of Title 31 United States Code, Sections 5313 and 5322; 31 Code of Federal Regulations, Section 1010; and 18 United States Code, Section 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);
31 U.S.C. § 5317 – *Criminal Forfeiture*)

15.    The general allegations and Counts One through Three of this Information are incorporated by reference for the purpose of alleging forfeiture under Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c) and Title 31, United States Code, Section 5317.

16.    If convicted of Count One, defendants Jimmie Konja and Adrian Konja shall forfeit to the United States of America, under Title 18, United States

Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

17. If convicted of Count Two or Three, defendants Jimmie Konja and Adrian Konja shall forfeit to the United States of America, under Title 31, United States Code, Section 5317, all property, real or personal, involved in such offense, and any property traceable to such property.

18. The forfeiture in this case may include entry of a forfeiture money judgment against defendants Jimmie Konja and Adrian Konja in an amount up to the value of the property subject to forfeiture for the violations of conviction.

19. If, by any act or omission of the defendants, the property described above cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States

Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and Title 28, United States Code, Section 2461(c).

        Respectfully submitted,

        DAWN N. ISON
        United States Attorney

        MARK CHASTEEN
        Assistant U.S. Attorney
        Chief, White Collar Crimes Unit

        *s/ KAREN L. REYNOLDS*
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226-3220
        (313) 226-9672
        karen.reynolds@usdoj.gov

        Dated: July 25, 2024

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | AUSA's Initials: KLR |

**Case Title:** USA v. D-1 Jimmie Konja, D-2 Adrian Konja

**County where offense occurred:** Wayne

**Check One:**  ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/ ✓ Information --- based upon prior complaint [**Case number:** 21-mj-30181 ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 25, 2024
Date

s/Karen L. Reynolds
Karen L. Reynolds
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9672
Fax:    (313) 226-2873
E-Mail address: karen.reynolds@usdoj.gov
Attorney Bar #: 31029

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.